## THE UNITED STATES, APPELLANTS, *v.* JOSEPH HUGHES.

The court again decides, as in the preceding case, that where a Spanish grant was made in 1798, and no evidence was offered that possession was taken under the

grant, nor any claim of right or title made under it until 1837, nor any evidence given to account for the neglect, the presumption is that the claim had, been abandoned.

In this case, also, there was no proof that the persons who purported to convey as heirs, were actually the heirs of the party whom they professed to represent.

THIS was a land case, arising under the acts of 1824 and 1844, and came up by appeal from the District Court of the United States for Louisiana.

The parties were the same as in the preceding case.

The petition in this case was filed in the District Court, for the Eastern District of Louisiana, on the 16th of June, 1846.

The petitioner, Hughes, claims under a grant alleged to have been made by Governor Gayoso to Andrè Martin, on the 10th of October, 1798, of a tract of land of twenty-eight arpents front, with a depth of one hundred arpents, situated on the west bank of the Atchafalaya, about one league above where the trace or road from Opelousas to Point Coupée crosses the said river. The petitioner alleges further, that said Martin took immediate possession, &c., and that the board of commissioners, made a favorable report on the claim in the year 1840, but that Congress never acted on it, and that he holds a title to one thousand arpents thereof, &c. He thereupon prays that his title may be decreed to be good.

The answer of the United States is a general denial of the allegations of the petition.

The evidence of the original title is the petition of Andrè Martin to the governor for the said tract of land, and the governor's decree thereon, signed by him in these words: " Granted forever, that he may establish it," and dated " New Orleans, October 10th, 1798."

Hughes claimed title under a deed from certain persons who represented themselves to be the heirs of Martin, dated 14th of July, 1848.

The District Court decided in favor of the petitioner, and the United States appealed.

It was argued by *Mr. Crittenden*, (Attorney-General,) for the United States, and by *Messrs. Janin* and *Taylor* for the appellee.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the District Court for the Eastern District of Louisiana.

The plaintiff, Hughes, claimed in the court below 3800 arpents of land situate in Louisiana, on the west bank of the Atchafalaya river, about one league above where the road from Opelousas to Point Coupée crosses said river under a concession from

1*

Governor Gayoso to one André Martin, 10th of October, 1798.

The petition was presented to the District Court on the 16th of June, 1846, under the act of 17th June, 1844, reviving the act of 26th May, 1824, praying for a confirmation of the grant in pursuance of the provisions of the act.

Evidence was given of the handwriting of Martin to the application to the governor for the grant of the tract in question and of the handwriting of the governor to the grant.

The plaintiff, also, gave in evidence a conveyance by notarial act under date of 14th of July, 1848, purporting to be made by the heirs of André Martin, the original grantee, to himself, conveying one thousand arpents, part of the tract of 3800 arpents, to be taken off the front part of the tract.

Evidence was also given of a notice to the registers and receivers of the land-office at Opelousas, in Louisiana, of a claim on behalf of the heirs of Martin by their attorney, for confirmation of the claim under date 1st of February, 1837. What action took place before these officers on the application, if any, does not appear on the record, nor have we been referred to any proceedings therein.

There is no evidence that possession was ever taken of the land by the grantee, or any person claiming under him; nor of any claim of right to the possession; or of any right or title under the concession, or of the actual existence even of the concession itself, until the application to the register and receiver in 1837, a period of over thirty-eight years from its date.

Nor is there any evidence in the record accounting for the neglect to take possession, or for the absence of evidence of an assertion of right under the grant, or of even the existence of the grant itself for so long a period of time.

The plaintiff rests his claim exclusively upon the production, and proof of this incomplete grant by Governor Gayoso in 1798, of his title as derived from the grantee in 1848, and of the application to the officers of the land-office at Opelousas in 1837.

We have already held, in a previous case of this plaintiff and the United States, that the neglect to take possession, and the absence of any claim under the grant, and of any evidence even of the existence of the grant itself, for so long a period of time, afford such a violent presumption of abandonment of the claim, that unless explained to the satisfaction of the court, it is impossible, consistent with any sound principles of law or of equity, to uphold it. We refer to the opinion given in that case on this point as decisive of the present one.

There is also an additional objection to a recovery in this case, that did not exist in the one referred to. The plaintiff

shows no title to the land in question. There is no proof in the record that the persons joining in the conveyance to him of the premises in July, 1848, were the heirs of Martin, the original grantee. The recital in the instrument is no evidence of the fact. The proper proof should have been furnished of the heirship.

For these reasons we are of opinion that the decree of the court below is erroneous, and should be reversed, and remit the proceedings to the court below, with directions to dismiss the petition.

## *Order.*

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby reversed and annulled; and that this cause be, and the same is hereby remanded to the said District Court, with directions to dismiss the petition of the claimant.